**CONSOLIDATED FISHERIES CO. v. FAIRBANKS MORSE & CO.**

**Civ. A. No. 9435.**

United States District Court
E. D. Pennsylvania.

Dec. 30, 1949.

Leonard J. Schwartz, for Fox, Rothschild, O'Brien & Frankel, of Philadelphia, Pa., for plaintiff.

Hayward H. Coburn and Philip Wallis, for Drinker, Biddle & Reath, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This case is before me on plaintiff's motion for an order directing trial by jury on the issues raised by the amended complaint and the answer thereto.

The plaintiff's amended complaint was filed on May 21, 1949. The defendant's answer and counterclaims were filed on July

22, 1949. The plaintiff's reply to the counterclaims was filed on August 5, 1949. On August 10, 1949 the plaintiff requested a jury trial of all issues. On or about August 11, 1949 the defendant ordered a nonjury trial on the issue raised by the amended complaint and answer. On August 19, 1949 the plaintiff filed this motion pursuant to Rule 39(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., appealing to the Court's discretion for a jury trial on this issue.

The plaintiff's original request for a jury trial was not made in time for a jury trial on the issues raised by the amended complaint and answer, but was filed in time for the issue raised by the counterclaims and reply. Rule 38(b).

The defendant, in arguing against the motion, concedes that the Court has discretion to order a jury trial under Rule 39(b), but says that the Court should stick to the strict letter of Rule 38(b) (d) and deny a jury trial. If the Court accepts this as a standard, the Court would be obligated to deny a jury trial on the issue raised by the amended complaint and answer and would at the same time be obligated to grant a jury trial on the issue raised by the counterclaim and reply.

The issues raised by the counterclaims and reply arise out of the same transaction or occurrence which is the subject matter of the amended complaint. If two trials are necessary, much of the evidence would be the same in each trial.

The Federal Rules of Civil Procedure were not meant to be applied so that the work of the Court would be duplicated. There is no need to have two trials where one will suffice.

I think both issues should be decided in one trial by the same fact-finding body, and the Court should use its discretion to adopt that tribunal which will best serve the ends of justice. Since the plaintiff is entitled to a jury trial on the issue raised by the counterclaims and reply, justice will best be served by having a jury trial on all of the issues. Campbell v. American Fabrics Co. et al., D.C., 1 F.R.D. 502; Paper Stylists, Inc. v. Fitchburg Paper Co., D.C.,

9 F.R.D. 4; Gunther v. H. W. Gossard Co., D.C., 27 F.Supp. 995.

The plaintiff's motion for a jury trial on all of the issues raised by the pleadings in this case is granted