Frank CHRISTIANSEN, Plaintiff,

v.

INTERSTATE MOTOR LINES, Inc., a corporation, and Jack D. Dean, Defendants.

Hattie CHRISTIANSEN, Plaintiff,

v.

INTERSTATE MOTOR LINES, Inc., a corporation, and Jack D. Dean, Defendants.

Civ. No. 0171, 0172.

United States District Court
D. Nebraska.
Nov. 10, 1956.

Richard E. Person and John E. Dier (Person & Dier), Holdrege, Neb., and Robert VanPelt (VanPelt, Marti & O'Gara), Lincoln, Neb., for plaintiffs.

Murl M. Maupin (Maupin, Dent, Kay & Satterfield), North Platte, Neb., for defendants.

DELEHANT, Chief Judge.

There is before the court for determination the question whether the trial of these actions shall be had before a jury or before the court without a jury. In each case, on September 19, 1956, a request for jury trial was filed to which is appended a showing of its service through the United States mail on September 18, 1956. The requests are explicit in their terms and the only question upon them which is suggested is whether they were timely made.

In relation to that point, it is appropriate to recall the material dates which the two files disclose. The cases have proceeded concurrently since their institution; and this has been the sequence of the presently pertinent filings:

May 16, 1956: Each petition was filed in the District Court of Phelps County, Nebraska.

May 16, 1956: Summons was issued in each case out of and under the seal of the District Court of Phelps County, Nebraska for service on the defendants under Section 25–530, R.S.Neb.1943 (as reissued) as amended by L.B. 278, c. 84, Laws of Nebraska for 1955; of which, on May 21, 1956 service was made by delivery to the Secretary of State of Nebraska.

May 24, 1956: As defendants allege, they received notice of each suit and the summons and copy of petition in it, on or about the date just indicated.

June 11, 1956: Petition for removal of each of the cases filed in this court, along with notice of removal and bond on removal.

September 19, 1956: Plaintiff's request for jury trial filed in each case, after service on the previous day by United States mail.

September 28, 1956. Defendants' answer filed in each case, with appended showing of its service by mail on September 27, 1956.

It thus appears that the request for jury trial was served and filed in each case nine days before the service and filing respectively of the defendants' answer.

Upon two distinct grounds, the court is persuaded that it should, and therefore, it does grant the request in each case for trial by jury.

█ The first ground is that the demand for jury trial was made in due time in each case. Consideration is given to two of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The general rule having to do with the making of demand for trial by jury is Rule 38(b), which is in this language:

"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading ·directed to such issue. Such demand may be indorsed upon a pleading of the party."

If that rule, which is unlimited in the generality of its ostensible scope, is to be applied, there can be no doubt of the timeliness of the present demands for trial by jury. They were both served and filed after the commencement of the several actions and even before the service or filing of the answers, which are in the two cases, "the last pleading directed to" the triable issues. And the court is of the opinion that the rule already quoted is applicable to these actions in their settings, and that it is applicable notwithstanding their status as removed cases.

This presents the position which defendants appear to assume in argument. They contend that Rule 81(c) governs and that by its application the demands for jury trial reflected in the present record were made untimely. Rule 81(c) is quoted as follows:

"(c) Removed Actions. These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. Repleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, he shall answer or present the other defenses or objections available to him under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest. If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule

38 shall be accorded it, if his demand therefor is served within 10 days after the petition for removal is filed if he is the petitioner, or if he is not the petitioner within 10 days after service on him of the notice of filing the petition. As amended Dec. 27, 1946 and Dec. 29, 1948, effective Oct. 20, 1949."

The first two sentences of the rule just quoted need no comment. Nor, strictly speaking, does the third sentence for it has no possible present applicability or relevance. It may, however, be observed that, recognizing the wide variety, in respect of the posture of pleadings, in which actions arising in the courts of different ones of the forty-eight states may stand at the time of removal, the rule in its third sentence undertakes to prescribe a limitation of time for the joining of issues in removed cases. And the prescription is flexible. If the answer has been made, and issues have been joined, before removal, the United States District Court accepts the action as it is and requires no further pleading unless the court orders otherwise. But if the defendant has not answered, specific direction is given touching the time within which he must do so, and this includes, among other alternatives, "5 days after the filing of the petition for removal".

It is only the final sentence of the rule which makes any reference to the service of a demand for jury trial. The Supreme Court in promulgating the rule was careful in relation to removed cases, first, to preserve the right of any party entitled to trial by jury to have trial in that manner; but second, to require that such right be timely asserted by him who possesses it and not accorded without such demand. And in doing so, it made provision only in respect of those cases in which "at the time of removal all necessary pleadings have been served". In those actions, in which on removal the issues have already been joined and the period for serving a demand for jury tri-

al under Rule 38(b) may have expired, on removal, the rule sets up a special ten day interval, after the filing of the petition for removal for a petitioner, or after the service on him of notice of such filing for a party other than the petitioner, within which the demand for trial by jury may be served. Thereby, as has already been suggested, both the right to trial in this manner is preserved, and assurance is provided of a reasonably short time in which, regardless of the uncertainties and variety of state procedures, the right may be demanded. No provision upon the subject was made in the rule now under study in those many cases in which at the time of removal all necessary pleadings have not been served. And this has natural application, especially when one is dealing with Nebraska state practice, to the filing of answers, which are rarely filed in the courts of this state before removal. Where all necessary pleadings have not been filed, there is no occasion for special provision under Rule 81(c) touching the time for serving demand for trial by jury. In that situation the maturing of the issues occurs in the United States District Court and ample provision for the service of a demand for jury trial is made by the quoted language of Rule 38(b), supra.

It is to be noted that by Rule 81(c) the whole body of rules is made to apply to removed actions, and this is done without the exception of Rule 38(b). Rule 38(b), therefore, applies so far as its language extends. The special provision of the final sentence of Rule 81(c) simply cares for situations in which, from its very terms, Rule 38(b) is inadequate; and those have to do, among possible other situations, with cases in which the issues have been fully made up in the state court of institution before removal, not with those in which, as here only the complaints, or petitions, have been filed by the time of removal and the remaining pleadings, including the answers are to be filed in the United States District Court.

The court, therefore, is of the opinion that each of the present plaintiffs is entitled as a matter of right to trial by jury, and has seasonably demanded it in an appropriate manner.

■ But, as a second basis of the ruling now announced, even if its view were otherwise, and the court were, by a narrow appraisal of Rule 81(c), persuaded that the demands here involved were tardily made, it would still enter an order in each of the actions allowing trial by jury. That the court possesses power to make such an order can not be questioned. And what situation more abundantly supports its exercise than one in which a litigant has made demand for a right to which he was entitled, but has made it within a construction of a rule with which the court eventually disagrees, although recognizing in its language a reasonable basis for the interpretation on which the demanding party has relied in good faith?