**Donald A. HORWITZ and Wesco Products Company, Plaintiffs,**

v.

**ALLOY AUTOMOTIVE COMPANY, Sheldon Gray, and Avrum Gray, Defendants.**

**No. 84 C 10909.**

United States District Court, N.D. Illinois, E.D.

Jan. 26, 1988.

---

J. Douglas Weingarten, Forrest L. Ingram, J. Barton Kalish & Colleagues, Chicago, Ill., for plaintiffs.

William P. Caputo, Samuel J. Betar, F. John McGinnis, Altheimer & Gray, Myron M. Cherry, Peter Flynn, Cherry & Flynn, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This matter concerns defendants' motion to strike plaintiffs' jury demand. For the reasons stated herein, defendants' motion is denied.

### I. FACTS

Plaintiffs instituted this action against defendants on December 24, 1984. Before defendants attempted to answer, plaintiffs filed an amended complaint on April 12, 1985 setting forth claims under the following theories: RICO, antitrust, breach of fiduciary duty, unjust enrichment, constructive trust, resulting trust, deceit/fraud, trademark infringement, and deceptive trade practices. On June 25, 1985, defendants answered the infringement and deceptive trade practices claims and moved to dismiss the remaining claims. Thereafter, on September 15, 1986, plaintiffs filed a second amended complaint containing seven counts including the infringement and deceptive trade practices claims

to which defendants had previously filed answers.

On June 30, 1987, after defendants' motion to dismiss the second amended complaint was denied, plaintiffs filed a jury demand for all issues triable by jury. Shortly thereafter, defendants obtained leave of court to file a counterclaim, and on August 13, 1987, defendants filed their answer to the second amended complaint together with a three-count counterclaim seeking damages for breach of contract. On September 28, 1987, plaintiffs replied to the counterclaim. To date, no jury demand has been asserted by defendants.

## II. DISCUSSION

Defendants argue that plaintiffs' June 30, 1987 jury demand is untimely as to the issues raised in the second amended complaint as well as those raised in the counterclaim and reply. As such, defendants move to strike plaintiffs' jury demand. For the reasons stated below, this court denies defendants' motion.

Fed.R.Civ.P. 38(b) requires a party seeking a jury trial on any issue triable of right by a jury to serve other parties in the action with a written demand for the same "at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." The "last pleading" referred to in Rule 38(b) is either an answer to a complaint or a reply to a counterclaim. The 10–day period mentioned in Rule 38(b) sets the outside limits on when a timely demand may be filed and does not require a party to wait until the last responsive pleading is filed before properly asserting a jury demand. *Christiansen v. Interstate Motor Lines, Inc.*, 20 F.R.D. 105, 106 (D.Neb.1956) (jury demand made after complaint but nine days before service of last responsive pleading held timely).

■ Defendants first argue that plaintiffs' failure to assert a jury demand within 10 days of defendants' partial answer to the first amended complaint operates as a waiver of plaintiffs' right to a jury trial on any of the issues raised in that complaint or any subsequently amended complaint.

Defendants correctly point out that amendments to pleadings which do not raise issues different from those asserted in prior pleadings do not revive a right to a jury trial which has been previously waived. *See Guarjardo v. Estelle*, 580 F.2d 748, 752–53 (5th Cir.1978). However, this principle only applies when a defendant files an answer (the final responsive pleading) to all claims asserted in the complaint before amendment to the complaint is sought. Here, no answer was served prior to plaintiffs' first amended complaint. In response to the first amended complaint, defendants answered Counts IX and X (infringement and deceptive trade practices) and moved to dismiss the eight remaining counts. After leave was given to file a second amended complaint (containing seven counts including the previously answered infringement and deceptive trade practices claims), no responsive pleading was filed by defendants until after plaintiffs asserted their jury demand. Applying the plain language of Rule 38(b), it is clear that at most, plaintiffs waived their right to a jury trial on the infringement and deceptive trade practices claims. However, because no answer responding to plaintiffs' RICO and remaining state law damages claims was made until well after service of plaintiffs' jury demand, no waiver regarding these issues occurred.

■ Defendants next argue that because plaintiffs' jury demand was made before the counterclaim was asserted, the demand is not timely with regard to any issues raised in the counterclaim or reply. According to defendants, plaintiffs needed to file a second jury demand after the counterclaim to meet the requirements of Rule 38(b). If a general demand for a jury is made without specifying particular issues, it will be interpreted as a demand for a jury trial on all issues in the case triable by a jury. 9 Wright and Miller, Federal Practice and Procedure, § 2318 n. 10 (1971). Thus, once a general jury demand is timely asserted, a second demand need not be made after the filing of a counterclaim to assure a jury trial on issues raised in the counterclaim or reply. In the

present case, a timely general demand was made by plaintiffs prior to the filing of defendants' answer and counterclaim.[1] As previously noted, the counterclaim asserts claims for breach of contract and seeks damages. Since the issues raised by the counterclaim are triable to a jury and a timely jury demand was previously filed, the claims asserted in the counterclaim are entitled to a jury trial.

 In *Consolidated Fisheries Co. v. Fairbanks Morse & Co.*, 9 F.R.D. 539, (E.D.Pa.1949), the court was faced with a situation similar to that existing in the present action. The plaintiff's original request for a jury trial was not timely with regard to issues raised in the complaint and answer but was filed in time for issues raised in the counterclaims and reply. *Id.* at 540. Citing the fact that the issues raised in the counterclaims and reply arose from the same transaction or occurrence that the claims asserted in the complaint did, the court ruled:

> I think both issues should be decided in one trial by the same factfinding body, and the court should use its discretion to adopt that tribunal which will best serve the ends of justice. Since the plaintiff is entitled to a jury trial on the issue raised in the counterclaims and reply, justice will best be served by having a jury trial on all of the issues.

*Id.* Accordingly, the court exercised its discretion under Rule 39(b) and allowed a jury trial on all issues despite the waiver. *Id.*

In the case at bar, the counterclaim filed by defendants states that jurisdiction over the counterclaim exists because defendants' claims "arise out of the same transaction under the [Second] Amended Complaint." Counterclaim ¶ 3. Like *Consolidated Fisheries Co.*, a timely jury demand with regard to issues raised in the counterclaim and reply was made. Similarly, both cases involve counterclaims which arise from the same transactions or occurrences

at issue in the complaints. Moreover, unlike *Consolidated Fisheries Co.*, plaintiff's jury demand is timely with regard to all but two of seven claims asserted in the Second Amended Complaint. Given the foregoing circumstances, *Consolidated Fisheries Co.*, suggests that the entire case should be submitted for jury determination.

Although plaintiffs have not submitted a formal motion under Rule 39(b) for relief from their waiver regarding the infringement and deceptive business practice claims, plaintiffs' demand for a jury trial on all issues triable to a jury has the effect of a Rule 39(b) motion. *See Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir.1964); *Jackson v. Airways Parking Co.*, 297 F.Supp. 1366, 1384 (N.D.Ga.1969). Given the fact that a timely jury demand was made with regard to all but two claims in this action, and that justice, convenience and economy will be served if all issues are submitted to a single factfinding body, this court elects to exercise its discretion under Rule 39 and grants plaintiffs' demand for a jury trial on all issues so triable.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to strike plaintiffs' jury demand is denied.

IT IS SO ORDERED.

---

**1.** The jury demand filed by plaintiffs reads as follows: "The Plaintiffs, Donald A. Horwitz and Wesco Products Company, in the above-entitled cause, demand a trial of the cause by a jury."

As the demand does not specify any particular issues for which a jury is requested, the demand is treated as general and is applicable to any issues raised during the course of the action.