**In re Gerald WHITE, Debtor.**

**Calvin J. WEBB, Plaintiff,**

v.

**Gerald WHITE, Defendant.**

**Bankruptcy No. 97–11200.**
**Adversary No. 97–5153.**

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

July 17, 1998.

---

Michael Tabor, Jackson, TN, for Debtor.

Kevin Combs, Memphis, TN, for Plaintiff.

## MEMORANDUM OPINION AND ORDER RE CALVIN WEBB'S MOTION FOR A JURY TRIAL

G. HARVEY BOSWELL, Bankruptcy Judge.

At issue in this adversary proceeding is whether or not the dischargeability action before the Court is one which may be tried by a jury. The Plaintiff alleges that it is. The Debtor/Defendant asserts that it is not.

The Court conducted a hearing on the plaintiff's motion for a jury trial on June 15, 1998. FED. R. BANKR. P. 9014. This is a core proceeding. 28 U.S.C. § 157(b)(2). After reviewing the facts of the case and the record as a whole, the Court makes the following findings of facts and conclusions of law. FED. R. BANKR. P. 7052.

### FINDINGS OF FACT

The instant Chapter 11 case was filed by the debtor, Gerald White, ("White"), on April 4, 1997. On May 9, 1997, the plaintiff in this adversary proceeding, Calvin Webb, ("Webb"), filed a proof of claim in White's case. Approximately one month later, Webb filed the instant adversary proceeding in which he alleged that a state court lawsuit he had filed against the debtor in 1997, the resolution of which had been stayed by the filing of White's bankruptcy petition, is non-dischargeable pursuant to 11 U.S.C. § 523. White filed an answer to Webb's complaint on October 2, 1997, denying the non-dischargeability of the state court suit. The certificate of service attached to the answer reflects that the defendant served a copy of the answer on the plaintiff on October 1, 1997.

On April 3, 1998, Webb filed a motion for a jury trial. In his memorandum in support of the motion filed on the same day, Webb alleges that he is entitled to a jury trial under the Seventh Amendment of the United States Constitution because, in the words of the amendment, the action in question is "at common law." Webb's memorandum further asserts that under the directive of the United States Supreme Court case of *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), a court may only deny

a litigant's right to a jury trial in bankruptcy if (1) the claim is equitable, not legal, in nature (not "at common law"); (2) the claim asserted is a "public right"; or (3) if the person seeking a jury trial has affirmatively submitted to the jurisdiction of a court of equity (i.e. by filing a claim in the underlying case).

On April 9, 1998, the debtor/defendant filed an objection to Webb's motion for a jury trial. In the memorandum in support of this objection, the debtor alleges that the plaintiff is not entitled to a jury trial for two reasons: (1) by filing his proof of claim on May 9, 1997, the plaintiff affirmatively submitted to the jurisdiction of a the Bankruptcy Court for the Western District of Tennessee, a court of equity; and (2) in the 6th Circuit, a dischargeability action is not one which may be decided by a jury.

### CONCLUSIONS OF LAW

There are two reasons why this Court cannot grant the plaintiff's Motion for a Jury Trial. First and foremost, Webb waived his right to request a jury trial when he failed to comply with the time constraints of FED. R. CIV. P. 38(b). Secondly, dischargeability actions are not ones which may be tried by juries in the Sixth Circuit. For these reasons, Webb's Motion for a Jury Trial will be denied.

■ Rule 38(b) of the Federal Rules of Civil Procedure provides that:

Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon the pleading of the party.

FED. R. CIV. P. 38(b). As of December 1, 1997, Rule 38(b) applies to requests for jury trials in bankruptcy pursuant to FED. R. BANKR. P. 9015. Prior to rule 9015's enactment, Local Bankruptcy Rule 9015–1(a) man-

dated the application of Rule 38(b)'s time constraints to all requests for jury trials in the Western District of Tennessee. If a party fails to make a demand for a jury trial within Rule 38(b)'s ten-day window, he is deemed to have waived his right to one. FED. R. CIV. P. 38(d).

■ FED. R. CIV. P. 7(a) defines "pleadings" as (1) a complaint, (2) an answer, (3) a reply to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint and (6) a third-party answer. Cases interpreting the time constraints for jury trial demands have consistently held that these six documents are the *only* ones which may qualify as the "last pleading" under Rule 38(b). *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir.1990), *aff'd*, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991); *McFarland v. Leyh (In re Texas General Petroleum Corp.)*, 52 F.3d 1330, 1339 (5th Cir.1995); *Horwitz v. Alloy Auto. Co.*, 677 F.Supp. 564, 566 (N.D.Ill.1988). In cases in which only a complaint and an answer are filed, "any demand for jury trial must be served not later than ten days after service of the answer." *Cardio–Medical Assoc. v. Crozer–Chester Medical Ctr.*, 95 F.R.D. 194, 196 (E.D.Pa.1982) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2320, at 92 (1981)).

■ In the case at bar, a complaint and the answer were the only two pleadings filed. The defendant's answer was filed on October 2, 1997 and, according to the attached certificate of service, a copy of the answer was served upon the plaintiff on October 1, 1997. Even if the filing date of the answer is used as the trigger for Rule 38(b)'s ten-day time limit, the plaintiff's opportunity to file a motion for a jury trial expired on October 12, 1997—some six months before Webb's motion was filed. Pursuant to the mandates of FED. R. CIV. P. 38, Webb waived his right to demand a jury trial on October 13, 1997.

Supposing for a moment that Webb had filed his motion for a jury trial in a timely manner or that he had made his motion under FED. R. CIV. P. 39(b)[1], this Court

---

1. Rule 39(b) allows a court, in its discretion, to grant a motion for a jury trial made outside the

time constraints of Rule 38(b). FED. R. CIV. P. 39(b). In order for a Court to consider such a

would still not be capable of granting such motion because the Sixth Circuit has ruled that dischargeability actions are not ones which are suitable for determination by juries. *Longo v. McLaren (In re McLaren),* 3 F.3d 958 (6th Cir.1993).

In his memorandum in support of the motion for a jury trial, Webb cites the United States Supreme Court case of *Granfinanciera v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) as authority for the proposition that he is entitled to a jury trial in the instant adversary proceeding. Webb asserts that *Granfinanciera* allows a party to have their case tried by a jury if the action at issue is at common law, i.e. legal in nature as opposed to equitable. In the memorandum of support, Webb simply states that his dischargeability action against White is "at common law." He cites no authority for this allegation, nor does he offer any reasoning for such a conclusion.

Webb is correct in his interpretation of *Granfinanciera.* In that case, the United States Supreme Court found that the Seventh Amendment right to a jury trial existed in all cases "in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera,* 492 U.S. at 41, 109 S.Ct. 2782 (citations omitted)[2]. The *Granfinanciera* Court looked to their previous decision in the case of *Tull v. United States,* 481 U.S. 412, 417–18, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987), in developing a two-part test for determining if a case was legal or equitable in nature:

First, we compare the statutory action to 18th–century actions brought in the courts of England prior to the merger of the

courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first.

*Granfinanciera,* 492 U.S. at 42, 109 S.Ct. 2782. If, under this analysis, a court finds that a particular action is equitable in nature, the Seventh Amendment right to a jury does not exist.

In *McLaren,* the Sixth Circuit relied on the Seventh Circuit's interpretation of *Granfinanciera* in finding that dischargeability actions are equitable in nature and, therefore, not triable by juries in the bankruptcy arena. *McLaren,* 3 F.3d at 960–61.[3] The Seventh Circuit's reasoning relied on by the court in *McLaren* appears in the case of *N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496 (7th Cir.1991). In that case, the Seventh Circuit examined the *Granfinanciera* decision and concluded that dischargeability actions are, and historically have been, equitable in nature:

Two independent lines of reasoning support this conclusion. First, application of the two-part test set forth in *Granfinanciera* [*v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) ], reveals that a dischargeability proceeding is a type of equitable claim for which a party cannot obtain a jury trial. Dischargeability proceedings, like actions to recover preferential or fraudulent transfers, are core proceedings. However, dischargeability proceedings are unlike actions to recover preferential transfers in that historically they have been equitable actions tried without juries:

request, it must be submitted as a Rule 39(b) motion.

**2.** This determination as to the exact nature of the case is only the first step in deciding if a particular action is triable by a jury in bankruptcy. If a court finds that an issue is in fact legal in nature, it must then decide "whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder." *Granfinanciera,* 492 U.S. at 42, 109 S.Ct. 2782. Because the Court today finds that the nature of the action at

issue is equitable and, therefore, not triable by a jury, the second step of the Supreme Court's analysis is not necessary in this case.

**3.** The fact that the party seeking the jury trial in *McLaren* was the debtor/defendant, whereas in the case at bar it is the plaintiff, is of no consequence. In the 1993 case of *Stone v. Kirk,* 8 F.3d 1079 (6th Cir.1993), the Sixth Circuit stated that, in a dischargeability action, "[i]f the defendants were not entitled to a jury trial as of right, neither, we take it, were the plaintiffs." *Id.* at 1090.

[A]bankruptcy discharge and questions concerning the dischargeability of certain debts, involve issues with an equitable history and for which there was no entitlement to a jury trial in the courts of England prior to the merger of law and equity. The relief sought is also equitable since the essence of a dischargeability claim is a declaration that the debt is indeed dischargeable or nondischargeable.

*McLaren,* 3 F.3d at 960 (citing *Hallahan,* 936 F.2d at 1505) (citations omitted). Since the issuance of the *McLaren* decision, the Sixth Circuit has endorsed its conclusion that parties are not entitled to jury trials in dischargeability proceedings. *Stone v. Kirk,* 8 F.3d 1079, 1090 (6th Cir.1993).

As a result of Webb's failure to comply with the time constraints of FED. R. CIV. P. 38(b) and because dischargeability proceedings are not triable by juries in the Sixth Circuit, Webb's motion for a jury trial will be denied. An order will be entered accordingly.