[Cite as *Schutte v. Strittmatter*, 2018-Ohio-3472.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ROBERT SCHUTTE, et al.

     Appellants

     v.

DAVID W. STRITTMATTER, et al.

     Appellees

C.A. No.     28886

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2015-04-2129

DECISION AND JOURNAL ENTRY

Dated: August 29, 2018

SCHAFER, Presiding Judge.

**{¶1}** Counterclaim Defendant-Appellant, Robert Schutte, appeals the judgment of the Summit County Court of Common Pleas.[1]  For the reasons that follow, we reverse and remand.

I.

**{¶2}** Schutte, along with his wife and daughter ("Schuttes"), filed a complaint involving a property dispute against the City of Green and several of the Schuttes' neighbors, including Counterclaim Plaintiff-Appellee, Brian Fitzgibbon.  The matter was referred to a magistrate.  After a denial of Mr. Fitzgibbon's motion to dismiss the Schuttes' complaint, Mr. Fitzgibbon filed an answer and a compulsory counterclaim against Mr. Schutte arising out of the

---

[1] The notice of appeal in this matter was titled "Plaintiffs' Notice of Appeal" and was filed on behalf of "Plaintiffs, Robert, Susan, and Sarah Schutte[.]"  However, only Robert Schutte was named as a counterclaim defendant in this matter and judgment on the counterclaim was only rendered against Robert Schutte.  Thus, Susan and Sarah Schutte are not parties to this appeal.

property dispute and alleging intentional interference with contractual relations and criminal acts against property pursuant to R.C. 2307.60.

{¶3} The trial court eventually granted summary judgment to all of the defendants on each claim raised in the Schuttes' complaint. In a subsequent order the magistrate noted that Mr. Fitzgibbon's counterclaim remained outstanding and that the matter was scheduled for a bench trial. Mr. Schutte thereafter filed a "motion for clarification" asserting that although the magistrate had scheduled a bench trial in the matter, Mr. Fitzgibbon had filed a jury demand in his answer and counterclaim. Upon review of Mr. Fitzgibbon's answer and counterclaim, the magistrate found that no request or demand for trial by jury existed and denied Mr. Schutte's "motion for clarification" in a magistrate's order filed October 19, 2016. On October 24, 2016, Mr. Schutte filed an "objection to denial of right to jury trial."

{¶4} The matter then proceeded to a bench trial before the magistrate. In a decision filed December 19, 2016, the magistrate determined that judgment should be granted to Mr. Fitzgibbon on the claims of intentional interference with a contract and criminal acts against property. On December 27, 2016, Mr. Schutte filed an objection to the magistrate's decision. Following a damages hearing, the magistrate filed a second magistrate's decision on April 18, 2017, awarding Mr. Fitzgibbon damages in the amount of $24,738.92. Both Mr. Schutte and Mr. Fitzgibbon filed objections to the April 18, 2017 magistrate's decision.

{¶5} The trial court ultimately overruled both Mr. Schutte's and Mr. Fitzgibbon's objections and adopted the magistrate's decision in its entirety on July 27, 2017.

{¶6} Mr. Schutte filed this timely appeal, raising two assignments of error for our review.

II.

**Assignment of Error I**

**The trial court violated Civ.R. 38(C) and denied [Mr. Schutte's] fundamental Constitutional rights, by refusing to honor [his] demand for a trial by jury[.]**

{¶7}    In his first assignment of error, Mr. Schutte contends that the trial court erred by denying his "Objection to Denial of Right to Jury Trial."  As a review of the record in this case shows that Mr. Schutte demanded a trial by jury for all triable issues in his original complaint and did not thereafter waive that right, we agree.

{¶8}    Both Article I, Section 5 of the Ohio Constitution and Civ.R. 38(A) provide that the right to a trial by jury is inviolate.  Pursuant to Civ.R. 38(B), "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefore at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue."  Civ.R. 38(C) states, "[i]n his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable."  A demand for a trial by jury made pursuant to the rule "may not be withdrawn without the consent of the parties."  Civ.R.38(D).  Additionally, "[t]he Ohio Supreme Court explicitly adopted [this Court's reasoning] that 'once a general jury demand is made pursuant to Civ.R. 38, the only ways to waive such right are found in Civ.R. 39(A).'"  *Jovanovski v. Kotefski*, 9th Dist. Lorain Nos. 07CA009230, 07CA009223, 2008-Ohio-4773, ¶ 15, quoting *Soler v. Evans, St. Clair, & Kelsey*, 94 Ohio St.3d 432, 438 (2002).  Civ.R. 39(A) provides:

> When trial by jury has been demanded as provided in [Civ.R. 38], the action shall be designated upon the docket as a jury action.  The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court

and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist.

{¶9} In this case, after the trial court granted summary judgment to the defendants on all of the claims in the Schuttes' complaint, the magistrate issued an order on October 4, 2016, stating that Mr. Fitzgibbon's counterclaim remained outstanding and that the matter was scheduled for a bench trial. Mr. Schutte filed a "motion for clarification" asserting that he was entitled to a jury trial because Mr. Fitzgibbon had filed a jury demand in his answer and counterclaim. However, in an order filed October 19, 2016, the magistrate denied Mr. Schutte's "motion for clarification" since no request or demand for trial by jury existed in Mr. Fitzgibbon's answer or counterclaim. Subsequently, on October 24, 2016, Mr. Schutte filed an "objection to denial of right to jury trial" in reference to the magistrate's order filed October 19, 2016, wherein Mr. Schutte "re-assert[ed his] right to a jury trial on all issues of facts, under the jury demand contained in [the Schuttes'] complaint."

{¶10} Although Mr. Schutte filed an objection to the magistrate's order denying his "motion for clarification," the trial court treated Mr. Schutte's "objection to denial of right to jury trial" as a motion to set aside the October 19, 2016 magistrate's order pursuant to Civ.R. 53(D)(2).[2] The trial court ultimately denied Mr. Schutte's motion after a bench trial was held before the magistrate because (1) the "'objection', construed as a motion, fail[ed] to provide any support or authority for his assertion" that [he was] entitled to a jury trial; (2) the magistrate had

---

[2] Although Mr. Fitzgibbon argues in his merit brief that Mr. Schutte's "objection to denial of right to jury trial" was untimely because it was filed October 24, 2016, but challenged the magistrate's order filed twenty days earlier on October 4, 2016, we note that the trial court specifically treated the "objection" as a motion to set aside the magistrate's order filed October 19, 2016, and not the magistrate's order filed October 4, 2016. *See* Civ.R. 53(D)(2)(b) (stating that a motion to set aside a magistrate's order must be filed within ten days of the magistrate's order).

no reason to address the contention that [he was] entitled to a jury trial based on the jury demand contained in his own complaint since it "was not raised until after the [m]agistrate's [o]rder issued;" and (3) the jury demand contained in the Schuttes' complaint "was rendered moot" when "all issues of fact and law as it concerned [the Schuttes'] original complaint were disposed of by [the trial court]'s" grant of summary judgment to all the defendants in a final and appealable order on September 20, 2016.

{¶11} "We review a trial court's decision to deny a motion to set aside a magistrate's order for abuse of discretion." *Freeman v. Freeman*, 9th Dist. Wayne No. 07CA0036, 2007-Ohio-6400, ¶ 43, citing *Baire v. Baire*, 102 Ohio App.3d 50, 53 (9th Dist.1995). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶12} In this case, the trial court based its decision to deny Mr. Schutte's "objection" first, on the finding that Mr. Schutte violated Loc.R. 7.14(A) by failing to provide any support or authority for his assertion that he was entitled to a jury trial. Loc.R. 7.14 states, in pertinent part, "[e]very motion filed shall be accompanied by a brief stating the grounds upon which it is based, and a citation of authorities relied upon to support the motion. * * * Every motion so filed * * * shall be determined upon the written statements of reasons in support or opposition, as well as the citation of authorities." Nonetheless, failure to comply with a local rule is not mentioned in Civ.R. 39 as a possible method to waive the right to a jury trial. Moreover, although Mr. Schutte's "objection" was not accompanied by a brief, the "objection" specifically stated the he was asserting his right to a jury trial based on the jury demand contained in his complaint.

{¶13} The trial court's second basis for denying Mr. Schutte's "objection" was that the magistrate had no reason to address Mr. Schutte's contention that he was entitled to a jury trial based on the jury demand contained in the Schuttes' original complaint since Mr. Schutte never raised the issue before the magistrate. Indeed, a review of Mr. Schutte's "motion for clarification" shows that in support of his assertion to the magistrate that he was entitled to a jury trial, Mr. Schutte specifically pointed the magistrate to a jury demand allegedly contained within Mr. Fitzgibbon's answer and counterclaim. However, Mr. Schutte thereafter filed his "objection to denial of right to jury trial" on October 24, 2016, eight weeks prior to the bench trial in this matter, specifically re-asserting his right to a jury trial based on the jury demand in the Schuttes' original complaint. Additionally, a review of the excerpt transcript of the bench trial shows that during opening statements, Mr. Schutte's trial counsel again asserted Mr. Schutte's objection to not having a jury trial in this matter. Moreover, pursuant to Civ.R. 39(A), the matter should have previously been designated upon the docket as a jury action when the Schuttes filed their original complaint.

{¶14} Finally, we disagree with the trial court's determination that Mr. Schutte's jury demand was rendered moot by the trial court's grant of summary judgment to all defendants on all claims in the Schuttes' complaint. A review of the Schuttes' verified complaint shows that Mr. Schutte made a general jury demand by specifically "demand[ing] a trial by jury to all the claims to which they are entitled under the law." In *Soler*, 94 Ohio St.3d at 438, the Supreme Court of Ohio specifically recognized that "[t]he dismissal of the pleading containing the jury request is not mentioned as a possible method to waive the right to a jury trial." Thus, "if a general jury demand is made without specifying particular issues, it will be interpreted as a demand for a jury trial on all issues triable by a jury" and "a second demand need not be made

after the filing of a counterclaim to assure a jury trial on issues raised in the counterclaim or reply." *Id.* at 437, citing *Horwitz v. Alloy Automotive Co.*, 677 F. Supp. 564, 566 (N.D.Ill.1988).

{¶15} "Since none of the waiver methods mentioned in Civ.R. 39 was utilized in this case, [Mr. Schutte]'s right to a jury trial remained intact." *Id.* at 439. Therefore, we conclude that the trial court abused its discretion by denying Mr. Schutte's "objection to denial of right to jury trial."

{¶16} Mr. Schutte's first assignment of error is sustained and this matter is remanded for further proceedings consistent with this decision.

### Assignment of Error II

**The trial court erred, as a matter of law, in affirming the magistrate's determination that disclosures of accurate information to a prospective home buyer can support a claim for tortious interference with contract[.]**

{¶17} In his second assignment of error, Mr. Schutte contends that the trial court erred by adopting the magistrate's determination that disclosures of accurate information to a prospective buyer can support a claim for tortious interference with a contract. Mr. Schutte also contends that the trial court erred by adopting the magistrate's decision that Mr. Schutte was liable for tortious interference with a contract where the contract was enforceable but Mr. Fitzgibbon consented to its cancellation. However, our resolution of Mr. Schutte's first assignment of error renders his second assignment of error moot and we decline to address it. *See* App.R. 12(A)(1)(c).

### III.

{¶18} Mr. Schutte's first assignment of error is sustained and his second assignment of error is moot. Therefore, the judgment of the Summit County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.


JULIE A. SCHAFER
FOR THE COURT


CARR, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

PAUL W. FLOWERS, Attorney at Law, for Appellants.

BRYAN P. O'MALLEY and DEAN M. VALORE, Attorneys at Law, for Appellees.