[Cite as *Lichtenstein v. Lichtenstein*, 2023-Ohio-3355.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

RYAN LICHTENSTEIN,                    :

    Plaintiff-Appellee,          :

                                   Nos. 111887 and 112340

    v.                           :

MELISSA LICHTENSTEIN,                 :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 21, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-16-362842

---

*Appearances:*

McCarthy Lebit Crystal & Liffman Co., LPA, Richard A. Rabb, and Rebekah Cline, *for appellee.*

Law Offices of Anne S. Magyaros, LLC, and Anne S. Magyaros, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Appellant Melissa Lichtenstein ("Wife") appeals two journal entries dated August 1, 2022, regarding issues of child support, certain marital assets, and attorney fees in connection with these divorce proceedings, and two additional

journal entries dated April 28, 2022, and January 11, 2023, related to temporary support. After reviewing the facts of the case and the pertinent law, we affirm.

## I.    Procedural History

{¶ 2}    Wife and Ryan Lichtenstein ("Husband") were married on June 15, 2012, and had one child, A.L., in 2013. Husband filed for divorce on July 1, 2016; Wife filed a counterclaim for divorce. The facts of this case are fully detailed in the first appeal to this court in *Lichtenstein v. Lichtenstein*, 8th Dist. Cuyahoga No. 108854, 2020-Ohio-5080 ("*Lichtenstein I*"). A brief summary of the procedural history pertinent to the issues raised on appeal follows.

### A. Husband's Motion to Modify Temporary Support

{¶ 3}    In an agreed judgment entry, Husband and Wife agreed to terms of "temporary alimony" ("temporary support"), effective July 1, 2017, in which Husband "agree[d] to continue the payment of the PNC Bank Credit Card up to a monthly amount of $665.00.  * * * [Husband] shall pay all work related daycare expenses, all health insurance coverage (health, dental, and vision) for [Wife and child] and all car insurance expenses for [Wife]."

{¶ 4}    Husband filed a motion to modify temporary support on October 19, 2017, arguing monthly support should be reduced.

{¶ 5}    Following a hearing, on February 9, 2018, the magistrate issued an order granting Husband's motion, terminating the portion of the agreed journal entry that permitted Wife to charge up to $665 each month on Husband's PNC credit card (the "PNC credit card"). Wife filed a motion to set aside that order,

arguing Husband had not demonstrated a change in circumstances. The trial court denied as moot Wife's motion to set aside.

### B. Divorce Trial

{¶ 6} A trial on Husband and Wife's divorce and related matters, including child support and financial issues related to the termination of parties' marriage, took place before a magistrate on December 15, 2017, and January 31, February 5, and February 9, 2018.

{¶ 7} The magistrate's decision granting the parties a divorce, dividing the marital property, and issuing an order of shared parenting was journalized on October 22, 2018. Wife filed objections to this magistrate's decision.

{¶ 8} The trial court adopted the magistrate's decision and overruled Wife's substantive objections on July 5, 2019.[1]

### C. Wife's Motion to Modify Temporary Support

{¶ 9} On January 15, 2019, Wife filed a motion to modify temporary support. In that motion she asserted that Husband's "obligations have been reduced by approximately $600/month since the temporary orders * * *." The trial court denied Wife's motion as moot.

### D. *Lichtenstein I*

{¶ 10} In *Lichtenstein I*, Wife appealed (1) the orders granting Husband's motion to modify temporary support and denying as moot her motion to set that

---

[1] The trial court sustained Wife's first objection regarding the absence of a list of trial exhibits in the magistrate's decision, finding "that the omission of the list of exhibits on the first page of the Magistrate's Decision was a clerical error."

order aside, (2) the entry overruling her objections to the magistrate's October 22, 2018 decision, and (3) the trial court's denial as moot of her motion to modify temporary support. This court found that the trial court had not conducted an independent review of the divorce proceedings, and affirmed in part, reversed in part, and remanded the case to the trial court to conduct an independent review related to the following issues: child support, division of marital assets, and attorney fees. This court also ordered the trial court to address Wife's motion to set aside the magistrate's order modifying temporary support as well as Wife's motion to modify temporary support. Finally, this court strongly suggested that the trial court issue a separate divorce decree. *Lichtenstein I* at ¶ 65.

{¶ 11} Pursuant to this court's opinion in *Lichtenstein I*, the trial court issued its April 28, 2022 journal entry in which it denied Wife's motion to set aside the magistrate's February 9, 2018 order granting Husband's motion to modify temporary support. Further complying with the mandate in *Lichtenstein I*, on August 1, 2022, the trial court issued two journal entries: one addressing the issues raised in the remand order (the "Remand Journal Entry") and another issuing a separate divorce decree (the "Divorce Decree") in which the trial court adopted the magistrate's decision journalized on October 22, 2018,[2] "in its entirety, except as modified herein." Wife appealed from these orders in 8th Dist. Cuyahoga No. 111887, which is now before this court.

---

[2] The divorce decree refers to the magistrate's decision of "October 22, 2029." As reflected on the court's docket, the magistrate's decision was journalized on October 22, 2018.

{¶ 12} On December 15, 2022, the magistrate held a hearing on Wife's January 2019 motion to modify temporary support. The magistrate issued an order denying wife's motion, which Wife moved to set aside. The trial court denied Wife's motion on January 11, 2023. Wife appeals from this order in 8th Dist. Cuyahoga No. 112340, which is also now before this court.

**E. Current Appeal**

{¶ 13} Wife's appeals in Appeal Nos. 111887 and 112340 were consolidated. Wife was permitted to file two briefs, each presenting different assignments of error, which have been renumbered here for ease of discussion. Those assignments of error are as follows:

> Appeal No. 111887 (Remand Journal Entry, Divorce Decree and Denial of Motion to Set Aside Order Granting Husband's Motion to Modify Temporary Support)
>
> [1]: The trial court abused its discretion when it granted [Husband's] motion to modify temporary support.
>
> [2]: The trial court abused its discretion in failing to designate husband as the child support obligor.
>
> [3]: The trial court erred in determining husband's income for support purposes.
>
> [4]: The trial court erred in failing to follow ORC Chapter 3119 in determining child support.
>
> [5]: The trial court erred in failing to address the allocation of uncovered medical expenses in the remand orders and the trial court erred in summarily ordering equal responsibility for the child's uncovered medical expenses in the final divorce decree.
>
> [6]: The trial court erred in failing to address which parent can claim the child for tax purposes in its remand orders, and the trial court erred

in summarily allocating the child to [Husband] for tax purposes in the final divorce decree.

[7]: The trial court abused its discretion in awarding attorney fees.

Appeal No. 112340 (Denial of Wife's Motion to Modify Temporary Support)

[8]: The trial court erred in adopting the magistrate's order which gave deference to the trial magistrate's decision in a prior unrelated motion to modify decided a year before the motion at issue was filed.

[9]: The trial court erred in failing to address the points raised in the motion to set aside and in summarily denying the motion without explanation and in accepting a conclusion of the support magistrate that was never made.

[10]: The trial court erred in denying the motion to modify temporary orders by only reviewing the magistrate's order and the motion to set aside and finding "nothing arbitrary, unreasonable or unconscionable" where the magistrate's order does not contain any facts regarding (A) the parties' income and how or if those incomes have changed, (B) how the parenting schedule has changed, (C) how the childcare and other expenses had changed, and does not address whether mother has met her burden to show a change of circumstances.

[11]: The trial court erred in denying the motion to modify temporary orders.

## II.  Law and Analysis

### A. Standard of Review

{¶ 14} "[W]hen reviewing a trial court's determination in a domestic relations case, an appellate court generally applies an abuse of discretion standard." *Deacon v. Deacon*, 8th Dist. Cuyahoga No. 91609, 2009-Ohio-2491, ¶ 13 (applying an abuse-of-discretion standard of review to decisions regarding temporary support); *Buskirk v. Buskirk*, 8th Dist. Cuyahoga No. 111399, 2023-Ohio-70, ¶ 28

(applying an abuse-of-discretion standard of review to a trial court's decision regarding of child support).

{¶ 15} A trial court abuses its discretion when its decision "is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). The Ohio Supreme Court recently explained that an abuse of discretion "involves more than a difference in opinion." *State v. Weaver*, Slip Opinion No. 2022-Ohio-4371, ¶ 24. That is, a trial court's judgment that is "profoundly and wholly violative of fact and reason" constitutes an abuse of discretion. *Id.*

{¶ 16} Wife's first six assignments of error address decisions regarding temporary support and child support. Similarly, assignments of error Nos. 8, 10, and 11 take issue with the trial court's denial of Wife's motion for temporary support. As such, each of these assignments of error will be reviewed for an abuse of discretion. The standards of review for the remaining assignments of error will be discussed in their respective sections.

### B. Husband's Motion to Modify Temporary Support

{¶ 17} In her first assignment of error, Wife claims the trial court abused its discretion when it modified Husband's obligation to pay temporary support. As noted, in the February 9, 2018 order, the magistrate terminated the "$665 per month" portion of temporary support and the trial court denied Wife's motion to set aside that order. The issue of temporary support became appealable once the final divorce decree was issued. *See Palnik v. Crane*, 8th Dist. Cuyahoga No. 107400,

2019-Ohio-3364, ¶ 32 (noting that issues related to temporary support orders become reviewable once the trial court enters a final judgment).

{¶ 18} In his motion to modify, Husband argued a reduction in his support obligation was warranted because he believed Wife had obtained new employment and changes in the cost of work-related daycare made the expense unmanageable without contribution from Wife. Wife opposed the motion, arguing she had not secured new employment.

{¶ 19} Husband's motion to modify temporary support was heard during the parties' divorce trial. Husband testified regarding a spreadsheet he created identifying charges on the PNC credit card that he attributed to Wife. That spreadsheet demonstrates that Wife spent the following amounts:

July 2017 — $950.52

August 2017 — $976.68

September 2017 — $836.82

October 2017 — $430.01

November 2017 — $697.32

December 1 — 17, 2017 — $373

For the months of July through November, Wife averaged $778.27 per month. For December 2017, Wife was on track to spend $680. For the five full months, Wife was authorized to spend $3,325; the evidence showed Wife spent $3,891.35. That is, the evidence presented to the court demonstrated that Wife exceeded the award of temporary support.

{¶ 20} While Wife admitted at trial that she had charged more than the agreed $665 on the PNC credit card some months, she testified that she and Husband "settled on just offsetting the next month with [her] spending less." With that agreement, she believed she had spent under the agreed amount of $665 when considering all months together. The evidence of Wife's spending did not support Wife's belief.

{¶ 21} At the close of the trial, after hearing the testimony proffered and seeing the documentary evidence presented (including evidence related to the parties' finances), the magistrate granted Husband's motion and terminated the $665 "cash" portion of temporary support. The magistrate stated on the record that "there [were] numerous expenditures to what I will categorize as luxury-type items every month * * *. And what I see is a lifestyle that includes out-of-control shopping, expenditures and spending a lot of money on unnecessary items. And it's not [Husband's] job to support that type of spending." The court further stated that it did not "think the [temporary support] [wa]s necessary anymore" because of Wife's "lack of financial responsibility[.]" On the same day, the magistrate signed an order memorializing the granting of Husband's motion to modify temporary support.

{¶ 22} Similarly, in the separate August 1, 2022 Divorce Decree, the trial court found "that spousal support is neither appropriate nor reasonable." Wife did not appeal that portion of the Divorce Decree, it is, therefore, not presently before this court.

{¶ 23} "'The purpose of awarding temporary spousal support is to preserve the status quo during the divorce proceeding.'" *Deacon*, 8th Dist. Cuyahoga No. 91609, 2009-Ohio-2491, at ¶ 49, quoting *Cangemi v. Cangemi*, 8th Dist. Cuyahoga No. 86670, 2006-Ohio-2879, ¶ 14. Pursuant to R.C. 3105.18, trial courts may award "reasonable temporary spousal support" during the pendency of divorce proceedings. Borrowing from the law regarding permanent spousal support, the parties argue that a change in circumstances is necessary to support a modification of temporary support. We note that nothing in the statute addresses the standard to apply when considering a motion to modify temporary support. The only criterion is that an award of temporary support must be "reasonable." *See* R.C. 3105.18(B).

{¶ 24} Based on the evidence and testimony in the record we find that the trial court did not abuse its discretion when it denied Wife's motion to set aside the magistrate's order modifying temporary support. We find that the decision to reduce temporary cash support to zero was reasonable. Notwithstanding that decision, Wife continued to receive temporary support by way of Husband paying for all work-related childcare for A.L., Wife and A.L.'s health insurance, and Wife's car insurance. We note that Wife did not dispute that the award of no permanent spousal support was "reasonable." Further, the evidence and testimony at trial demonstrated a change in circumstances in that the parties agreed Wife was permitted to spend $665 per month on the PNC credit card but Wife consistently exceeded that amount.

{¶ 25} Accordingly, Wife's first assignment of error is overruled.

## C. Child Support Obligor

{¶ 26} In her second assignment of error, Wife asserts that the trial court abused its discretion when it designated her as the child support obligor. We disagree.

{¶ 27} First, Wife asserts that the trial court "did not conduct a de novo review of the evidence and testimony," resting on her bare allegation without identifying anything in the record to support her claim. As noted in *Lichtenstein I*, when reviewing a magistrate's decision, a trial court "does not sit in the same manner as an appellate court; rather, it must conduct an independent review of the facts and conclusions made by the magistrate." *Haupt v. Haupt*, 11th Dist. Geauga No. 2015-G-0049, 2017-Ohio-2719, ¶ 26, citing *Phillips v. Phillips*, 2014-Ohio-5439, 25 N.E.3d 371, ¶ 26 (5th Dist.). Pursuant to Civ.R. 53(D)(4)(d), "the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." "It is generally presumed that the trial court properly conducted an independent review of the magistrate's decision unless the party asserting the error affirmatively shows otherwise." *Lichtenstein I* at ¶ 13.

{¶ 28} In the Remand Journal Entry, the trial court acknowledged that the case was remanded by this court with the instruction to conduct a de novo review regarding issues related to child support. The trial court explained that it had

"undertaken an independent review" before overruling Wife's objections to the magistrate's decision.

{¶ 29} Wife has not affirmatively demonstrated that the court did not conduct a de novo review. Accordingly, Wife's argument that the court failed to conduct an independent review is not well taken.

{¶ 30} Second, Wife contends that the court abused its discretion in failing to designate Husband as the child support obligor. Wife challenges the trial court's findings, arguing "[t]he Court's reasoning for designating [Wife] as the 'obligor' was that Father paid for nearly all the child's expenses and [Wife] lacked credibility about her alcohol use, both of which are wholly unsupported by the evidence and which are not reasons that would justify or support making [Wife] the obligor."

{¶ 31} In the Remand Journal Entry, the trial court found that "[a]lthough the parties agreed to shared parenting, it is clear from the record that Plaintiff [Husband] pays nearly all work-related child-care expenses, health insurance expenses, and other related expenses for the minor child." Although Wife testified that she paid the majority of A.L.'s expenses, the court explained that it found Wife's testimony to be not credible "due to discrepancies in her testimony regarding her alcohol abuse."

{¶ 32} Further, the Divorce Decree "constitute[s] an order for shared parenting," setting forth the parties' rights and responsibilities for the care of the A.L. R.C. 3119.02(A)(1) provides:

A court that issues a shared parenting order in accordance with section 3109.04 of the Revised Code shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet, except that, if that amount would be unjust or inappropriate to the children or either parent and therefore not in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code, the court may deviate from that amount.

"The statute does not mandate which residential parent is to be named the obligor or obligee in shared parenting situations." *MacKnight v. MacKnight*, 12th Dist. Butler No. CA2021-07-078, 2022-Ohio-648, ¶ 29.

{¶ 33} The Divorce Decree specifies that the child support obligor shall pay the child support obligee "$0 per month as child support plus $0 per month as cash medical support, for a total of $0 per month." The court found that the "annual child support obligation, as determined by the applicable worksheet, is $5,312.76 when private health insurance is being provided and $3,689.15 when private health insurance is not being provided." However, the court ordered a deviation from those amounts, pursuant to R.C. 3119.22, 3119.23 and 3119.24, because

the annual obligation would be unjust and inappropriate and therefore not in the best interest of the minor child[] for the following reason(s): Extraordinary circumstances associated with shared parenting; ability of each parent to maintain adequate housing for the child[]; each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and other expenses the court considers relevant; actual financial resources of [Husband]; and that the parties have relatively equal parenting time and the costs associated to same.

{¶ 34} We find that the trial court's findings are supported by the record. Husband not only testified to the specific expenses he pays for A.L., he also submitted financial records regarding the same.

{¶ 35} Based on the foregoing, we overrule Wife's second assignment of error.

### D. Husband's Income for Purposes of Calculating Child Support

{¶ 36} Next, Wife argues that the trial court erred when it determined Husband's income for purposes of determining child support. Specifically, Wife takes issue with the trial court averaging Husband's "income for three outdated years." Specifically, she argues that the court should have considered Husband's 2017 income. Wife provides no case law or statutory support for her position.

{¶ 37} Pursuant to R.C. 3119.05(H), "When the court or agency calculates annual income, the court or agency, when appropriate may average income over a reasonable period of years." *See also Wright v. Wright*, 8th Dist. Cuyahoga No. 91026, 2009-Ohio-128, ¶ 27 (affirming a trial court's gross annual income calculation pursuant to R.C. 3119.05(H) utilizing the husband's income over the previous three years).

{¶ 38} Here, the trial court determined Husband's income was $72,000 per year for purposes of calculating child support by averaging the income stated on his W-2 statements for 2014, 2015, and 2016. The W-2 statements admitted into evidence at trial demonstrate that for 2014, 2015, and 2016, Husband's annual income was $68,994.94, $ 74,506.84, and $69,841.13, respectively. The average of

these three years is $71,114.30, which is $885.70 less than the $72,000 used by the trial court as Husband's annual income.

{¶ 39} Wife argues that Husband's income in 2017 was $79,130.18 as reflected on his final paystub for 2017, which was admitted into evidence at the trial. However, Husband's W-2 statement for 2017, which was also in evidence, showed that in 2017 Husband's taxable income was $72,019.88. Pursuant to R.C. 3119.05(A), the court is permitted to rely on supporting documentation such as a W-2 statement to determine income. *See In re M.C.M.*, 2018-Ohio-1307, 110 N.E.3d 694, ¶ 39 (8th Dist.). Had the trial court used Husband's income as reported on his W-2 statements for 2015, 2016, and 2017, Husband's average income for those three years would have been $72,122.62, $122 more than the $72,000 that the trial court used as Husband's income.

{¶ 40} Under these circumstances, particularly given the variable nature of Husband's income from year to year, we find that Wife has not demonstrated that the trial court abused its discretion in determining Husband's income to be $72,000 per year for purposes of calculating child support. Wife's third assignment of error is overruled.

### E. R.C. Chapter 3119

{¶ 41} In Wife's fourth assignment of error, she argues that "[t]he trial court did [not] follow the child support statute at all." Wife cites to various sections of R.C. Chapter 3119 that she claims the trial court failed to follow without any explanation as to how the trial court allegedly failed to follow each of the statutes.

Rather, she simply states that the court quoted "the child support statutes and then ignores their mandates completely."

{¶ 42} "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, 22 (May 6, 1998). *See also State v. Watson*, 126 Ohio App.3d 316, 321, 710 N.E.2d 340 (12th Dist.1998) (holding that "[i]t is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error. * * * 'An appellate court is not a performing bear, required to dance to each and every tune played on appeal.'"), quoting *State v. McGuire*, 12th Dist. Preble No. CA95-01-001, 1996 Ohio App. LEXIS 1492, 40 (Apr. 15, 1996), *aff'd*, 80 Ohio St.3d 390, 686 N.E.2d 1112 (1997).

{¶ 43} Accordingly, we overrule Wife's fourth assignment of error.

## F. Uncovered Medical Expenses

{¶ 44} Wife asserts the following in her fifth assignment of error:

The trial court erred in failing to address the allocation of uncovered medical expenses in the remand orders and the trial court erred in summarily ordering equal responsibility for the child's uncovered medical expenses in the final divorce decree.

{¶ 45} As noted, following this court's mandate in *Lichtenstein I*, the trial court issued the Remand Journal Entry and the Divorce Decree. While the Remand Journal Entry does not address uncovered medical expenses, the Divorce Decree does.

{¶ 46} In challenging the trial court's order in the Divorce Decree that Husband and Wife each pay 50 percent of A.L.'s uncovered medical expenses, Wife

asserts that "[u]ninsured medical expenses are customarily divided as per Line 16 of the child support worksheets." Wife cites to *Peach v. Peach*, 8th Dist. Cuyahoga Nos. 82414 and 82500, 2003-Ohio-5645, to support her argument. Whether something is customary, as argued by Wife, is not pertinent to our review. Our review is limited to whether the trial court abused its discretion. Moreover, *Peach* does not establish that it is "customary" to divide uncovered or uninsured medical expenses according to line 16 of the child support worksheet. Rather, the *Peach* Court quoted the terms of the divorce decree agreed to by those parties in which the husband agreed to pay all uninsured medical expenses of the child "per line 16 of the child support worksheet." *Peach* at ¶ 18. Wife provides no other support for her assertion that the trial court committed an abuse of discretion.

{¶ 47} Wife has not established the trial court abused its discretion in ordering that Husband and Wife are equally responsible for uncovered medical expenses. Wife's fifth assignment of error is overruled.

### G. Claiming Child for Tax Purposes

{¶ 48} In Wife's sixth assignment of error, she argues that the court failed to address who can claim A.L. for tax purposes in the Remand Journal Entry and when it "summarily" allocated that deduction to Husband for tax purposes in the Divorce Decree. While we acknowledge that the trial court did not address the issue of which parent can claim the child for tax purposes in its Remand Journal Entry, we note that the court did address the issue in the separate Divorce Decree. We find no error

in the court having done so. Further, we disagree that the court abused its discretion when it allocated the tax deduction to Husband.

{¶ 49} R.C. 3119.82 discusses the issue of which parent may claim a child for tax purposes. It states:

> In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶ 50} In the Remand Journal Entry, the trial court specified that it overruled Wife's "*Objections to Magistrate's Decision * * * as to the child support issues * * *,*" and "adopt[ed] the Magistrate's Decision with modifications herein." As the trial court did not specifically address which parent could claim A.L. for tax purposes, it adopted without modification the magistrate's decision in this regard. The magistrate's decision analyzed the R.C. 3119.82 factors and found:

> (a) Net tax savings: For the tax year 2017 the [Husband] is in a 25% income tax bracket and the [Wife] is in a 15% tax bracket. In tax year 2018, the [Husband] is in 22% tax bracket and the [Wife] is in a 12% tax bracket. Therefore, a greater net tax savings would be derived by awarding the [Husband] the tax exemption.

> (b) Relative financial circumstances and needs of the parents and children: In this case, [Husband] is paying the majority of the child's expenses including health care and child care. [Husband] earns more "actual income" than that of the [Wife].

> (c) Amount of time the children spend with each parent: The parents have equal parenting time with their son.

> (d) Eligibility of either or both parents for the federal earned income tax credit or other state or federal credit: [Wife] earned approximately

$20,000 in income in 2017. She likely qualifies for the earned income credit if she files single/head of household.

(e) Other relevant factors: It furthers the best interest of the child to designate the [Husband] as the parent who may claim the child as a dependent for federal income tax purposes.

**{¶ 51}** Upon review, we find that the magistrate's factual findings are supported by evidence in the record. Wife argues that it was error to find that Wife "would qualify for the earned income credit." We note that the court only mentioned that Wife "likely qualifies." It did not conclude that Wife did or did not qualify. Wife does not challenge any of the other findings, other than to claim that the trial court did not take into account Wife's financial circumstances. In fact, the magistrate made a specific finding that Wife earned approximately $20,000 in 2017. That is, the order demonstrates the court did take into account Wife's financial circumstances.

**{¶ 52}** Accordingly, Wife's sixth assignment of error is overruled.

## H. Attorney Fees

**{¶ 53}** In her seventh assignment of error, Wife contends that the trial court abused its discretion in awarding Husband $3,000 in attorney fees because it did not conduct a de novo review and did so "without evidence." We disagree.

**{¶ 54}** "The decision to award attorney fees under R.C. 3105.73 lies within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion." *Wilson v. Wilson*, 8th Dist. Cuyahoga No. 112105, 2023-Ohio-1752, ¶ 23. "Under this highly deferential standard of review, we 'may not freely substitute [our] judgment for that of the trial court.'" *Allan v. Allan*, 8th Dist. Cuyahoga

No. 107142, 2019-Ohio-2111, ¶ 95, quoting *Dannaher v. Newbold*, 10th Dist. Franklin Nos. 05AP-172 and 05AP-650, 2007-Ohio-2936, ¶ 33.

{¶ 55} Pursuant to R.C. 3105.73(A):

In an action for divorce * * * or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶ 56} This court remanded the issue of attorney fees to the trial court in *Lichtenstein I*. In the Remand Journal Entry, that trial court explained:

[H]aving considered all the facts and evidence on this case the Court would be justified in ordering [Wife] to pay a much larger percentage of [Husband's] attorney fees but has determined that it would be inequitable. However, an award of $3,000.00 which represents less than five percent of [Husband's] total fees is appropriate considering all the facts and circumstances.

{¶ 57} At the trial on Husband and Wife's divorce and related pending motions, Husband's attorney testified that working on this case was "a very difficult task * * * [p]rimarily because of discovery, and primarily because of an inability to work through simple agreements, and an inability to reach stipulations, any type of agreement * * *." Husband's attorney explained some of the work performed in this case including preparing motions to compel, requests for production of documents, opposition to a motion to quash subpoenas, an agreed judgment entry, and correspondence between himself and Wife's attorney regarding discovery issues. Husband's attorney testified that he billed Husband $62,055 for his services, and a fee bill was admitted into evidence.

{¶ 58} Wife argues that there was no evidence regarding Husband's attorney's hourly rate. However at trial, Wife's attorney had the following colloquy with Husband's attorney:

Q: And how much do you charge an hour?

A: Currently or on [Husband's] case?

Q: Well, what are you charging [Husband]?

A: 285 – or 385, I'm sorry.

Q: And what[] do you charge currently?

A: 395.

{¶ 59} Accordingly, the record demonstrates that Husband's attorney's hourly rate was in evidence, and the court properly exercised its discretion to award Husband $3,000 of the $62,055 he requested.

{¶ 60} Wife's seventh assignment of error is overruled.

## I. Deference to Prior Magistrate's Decision on an Unrelated Motion — Wife's Motion to Modify Temporary Support

{¶ 61} Wife argues in her eighth assignment of error that the trial court "erred in giving deference to the Trial Magistrate's decision on a prior motion to modify the temporary orders * * *."

{¶ 62} In denying Wife's January 15, 2019 motion to modify, the magistrate included a brief procedural history of the case. In that history, the magistrate stated that the February 9, 2018 magistrate's order that granted Husband's motion to modify temporary support "was determined by the Trial Magistrate. The Trial

Magistrate heard the case in-person and deference is provided to the Trial Magistrate for the order of modification."

{¶ 63} After discussing the history of the proceedings, the magistrate went on to analyze the facts and evidence presented at the hearing on Wife's January 15, 2019 motion to modify. The magistrate concluded "upon analysis of this case and the uniqueness of the case * * * that the current order for temporary support (pursuant to the Magistrate's order journalized February 9, 2018) is fair and reasonable and should remain in effect." Nothing in the record indicates that the magistrate deferred to the prior magistrate's order regarding the motion at issue. When the trial court denied Wife's motion to set aside the magistrate's order, it clearly explained it was ruling on Wife's motion to set aside filed on December 20, 2022, and concluded that Wife had not demonstrated a change in circumstances sufficient to warrant a modification.

{¶ 64} Wife has not demonstrated that the trial court abused its discretion. Accordingly, Wife's eighth assignment of error is overruled.

### J. Denial of Wife's January 15, 2019 Motion to Modify Without Explanation

{¶ 65} Next, Wife argues that the trial court erred "in summarily denying the motion [to set aside the magistrate's order] without explanation * * *." We disagree.

{¶ 66} Civ.R. 52 requires trial courts to issue findings of fact and conclusions of law in limited circumstances not at issue here and authorizes parties to request findings of fact and conclusions of law in other circumstances. Wife did not file a motion pursuant to Civ.R. 52 requesting findings of fact and conclusions of law.

Further, Wife does not identify, and we do not find, any law that requires a trial court to explain its decision to deny a motion to set aside a magistrate's order.

{¶ 67} Wife's argument is not well-taken, and this assignment of error is overruled.

### K. Wife's Motion to Modify Temporary Support

{¶ 68} Wife's tenth and eleventh assignments of error will be reviewed together because both raise the same issue, that the trial court "erred in denying the motion to modify temporary orders." While Wife argues that the magistrate erred in denying her motion to modify, her substantive arguments relate to the trial court's denial of her motion to set aside the magistrate's order.

{¶ 69} A trial court's decision to deny a motion to set aside a magistrate's order is reviewed for an abuse of discretion. *Schutte v. Strittmatter*, 2018-Ohio-3472, 118 N.E.3d 485, ¶ 11 (9th Dist.).

{¶ 70} Wife filed her motion to modify temporary support arguing, among other things, that a modification was warranted because Husband's income had increased and that his work-related childcare expenses had decreased since the original order.

{¶ 71} On appeal, Wife challenges the trial court's denial of her motion to set aside the magistrate's order based on her assertion that the trial court did not review transcripts or exhibits. We find her argument not well taken. Civ.R. 53 creates a distinction between a magistrate's decision and a magistrate's order. Pursuant to Civ.R. 53(D)(4)(d), when ruling on a party's objections to a magistrate's decision, a

trial court must conduct "an independent review as to the objected matters * * *." However, Civ.R. 53 makes no such requirement when a trial court is ruling on a motion to set aside a magistrate's order. *See* Civ.R. 53(D)(2)(b). Wife has not cited any case law or statutory authority requiring the trial court to review the transcripts or exhibits in ruling on a motion to set aside a magistrate's order.

{¶ 72} Further, we find that the trial court did not abuse its discretion in denying Wife's motion to set aside the magistrate's order.

{¶ 73} The trial court noted in its entry denying Wife's motion to set aside the magistrate's order that to modify an award of temporary support, "the moving party must demonstrate a change in circumstances" such that the existing order is "no longer reasonable and appropriate * * *." *See* R.C. 3105.18.

{¶ 74} The magistrate denied Wife's motion to modify temporary support, finding that the then-existing order of temporary support was "fair and reasonable" without modification. Wife's motion to modify temporary support sought an increase because the parties' "circumstances have changed warranting a modification * * *." Specifically, Wife argued in her motion that Husband's income had increased, his "child care expenses ha[d] decreased significantly," and his "obligations have been reduced by approximately $600/month since the temporary orders and the parties are now enjoying 50/50 time sharing of their child."

{¶ 75} At the hearing held in December 2022, Wife argued that

> at the time the [temporary support] orders went in, the child was in preschool and not in full-time schooling so he needed basically full-time childcare. At the time of filing of the Motion to Modify, the child

was now a full-time kindergarten student, and the child support expenses went down to approximately $3,000 a year, so that was a savings to [H]usband under the prior orders of about $9,000 a year.

{¶ 76} Wife further stated that through the temporary support Husband "was in essence paying [Wife's] share of the childcare * * *." Wife additionally argued that Husband's "base income went up from $66,000 and some change to $72,000 and some change" between 2018 and 2019.

{¶ 77} In denying Wife's motion to modify temporary support, the magistrate acknowledged that Husband's work-related childcare expenses "have decreased, but * * * a review of the totality of the circumstances of the case evince that this most likely was contemplated by the" parties. This finding is supported by evidence in the record. At the divorce trial, which was consolidated with a hearing on Husband's motion to modify temporary support, Husband was asked on cross-examination when he "expect[ed] the work-related childcare [expenses] to reduce." He responded in August when A.L. went to kindergarten. Further, while Wife argued that Husband's income had increased, the magistrate's order found that "it is unclear if [Wife's] income has increased." A review of the transcript from the December 15, 2022 hearing on Wife's motion to modify demonstrates that neither party demonstrated whether Wife's income had changed since the trial in this case.

{¶ 78} As noted, the purpose of an award of temporary support is to preserve the status quo during the divorce proceedings. *Deacon*, 8th Dist. Cuyahoga No. 91609, 2009-Ohio-2491. Such an award must be "reasonable." R.C. 3105.18(B).

**{¶ 79}** We find that the magistrate's findings were supported by evidence in the record and therefore, the trial court did not abuse its discretion when it denied Wife's motion to set aside the magistrate's order. To the extent that Wife demonstrated that Husband's childcare obligations had decreased as expected, she did not demonstrate that fact alone warranted an increase in temporary support to her. For example, she did not establish a countervailing increase in her expenses.

**{¶ 80}** Wife's tenth and eleventh assignments of error are overruled.

**{¶ 81}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

KEY WORDS
Divorce, temporary support, child support, obligor, income for child support, child tax credit, shared parenting order, attorney fees.

The trial court did not abuse its discretion regarding temporary support, child support, and attorney fees. Each of the court's findings are supported by evidence in the record. Additionally, appellant did not otherwise demonstrate that the trial court abused its discretion.

Judgment affirmed.